**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARTHUR TORLUCCI,

　　　　　　Plaintiff - Appellant,

　v.

VANCE NORUM, Ph.D.; et al.,

　　　　　　Defendants - Appellees.

No. 11-17738

D.C. No. 4:08-cv-04124-SBA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted February 11, 2013[**]

Before: 　FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

　　　Arthur Torlucci, a California state prisoner, appeals pro se from the district

court's order dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his medical needs and safety when defendants assigned him to a

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

double cell and discontinued his anxiety medication. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998), and we affirm.

The district court properly dismissed Torlucci's action because Torlucci failed to allege facts showing that defendants acted with conscious disregard to an excessive risk to his heath or safety. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health and safety); *see also Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (a difference of opinion between the physician and the prisoner concerning the appropriate course of treatment does not amount to deliberate indifference to serious medical needs). Moreover, the district court properly dismissed Torlucci's claims against defendants Evelsizor, Hendrick, Rushen, and Sid because Torlucci failed to set forth facts linking defendants to the constitutional violations at issue. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them" (citations omitted)).

We do not consider claims, including Torlucci's Religious Land Use and Institutionalized Persons Act claim, raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009) (per curiam).

Torlucci's pending motions are denied.

**AFFIRMED.**